FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 OCT 24  P 1:39

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

ENTERPRISE HOLDINGS, INC.,   )
)
        Plaintiff,   )
)
v.   )   Case No. 1:11cv1152
)   TSE/JFA
ENTERPRISECARRENTALS.COM,   )
an Internet domain name,   )
)
        Defendant.   )
_____)

## VERIFIED COMPLAINT FOR CYBERSQUATTING

Enterprise Holdings, Inc. ("Enterprise") brings this complaint *in rem* under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the domain name enterprisecarrentals.com.

### PARTIES, JURISDICTION AND VENUE

1.    Enterprise is a Missouri corporation and has its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri 63105, United States of America.

2.    The enterprisecarrentals.com domain name is owned of record by:

    James D'Souza
    (james.dsouza07@gmail.com)
    18/20 Akshay Co-Op. Soc,
    S.V. Patel Nagar, Mahada Versova,
    Andheri (West) Mumbai
    Maharashtra, 400053 India

A copy of the WHOIS record for the enterprisecarrentals.com domain name from its Registrar is attached as Exhibit 1.

3. The Registrar of the enterprisecarrentals.com domain name is Answerable.com (I) Pvt Ltd, doing business as Big Rock, Directiplex, Mogra Village Nagardas Road, Andheri (East) Mumbai Maharashtra 400069 India.

4. James D'Souza ("Mr. D'Souza") is a serial cybersquatter having been a Respondent in five proceedings under the Uniform Domain Name Dispute Resolution Policy. In each of those five proceedings Mr. D'Souza was found to have registered and used the domain name at issue in bad faith.

5. This action arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051 *et seq.* and this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has *in rem* jurisdiction over the enterprisecarrentals.com domain name pursuant to 15 U.S.C. § 1225(d) because: (1) VeriSign, Inc., the domain name registry for the enterprisecarrentals.com domain name, is located in the Eastern District of Virginia; (2) the enterprisecarrentals.com domain name violates Enterprise's rights in marks registered in the United States Patent and Trademark Office; and (3) Enterprise is not able to obtain *in personam* jurisdiction over the person who would have been a defendant in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1) because Mr. D'Souza, the owner of the enterprisecarrentals.com domain name is located in India.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 15 U.S.C. § 1125(d)(2) because the property, i.e., the enterprisecarrentals.com domain name, is located in the Eastern District of Virginia because VeriSign, Inc. maintains the domain name Registry for the enterprisecarrentals.com domain name in the Eastern District of Virginia. Venue in this district is

also proper pursuant to 28 U.S.C. § 1391(d) because Mr. D'Souza, the owner of the enterprisecarrentals.com domain name is an alien.

8.  Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Plaintiff will effect service of process by publishing notice of the action as the Court may direct and by sending a notice of the alleged violation and intent to proceed under provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the enterprisecarrentals.com domain name together with a time-stamped copy of this complaint to Mr. D'Souza as the record owner of the enterprisecarrentals.com domain name at the postal and email address provided to the Registrar.

9.  Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff will provide notice and a filed, stamped copy of this complaint to the Registrar of the enterprisecarrentals.com domain name, Answerable.com d/b/a Big Rock, and to VeriSign, Inc. as the operator of the Registry for the enterprisecarrentals.com domain name.

## FACTS GIVING RISE TO THIS ACTION

10. Enterprise, through its operating subsidiaries, has used the ENTERPRISE and ENTERPRISE RENT-A-CAR marks in the United States since 1969 in connection with car rental services.

11. Enterprise is one of the largest rental car brands in the world and is a recognized leader in the rental car business with annual revenues in excess of $10 billion, a fleet in excess of 1 million vehicles and over 7000 offices worldwide.

12. Since at least as early as 1969 and long prior to the registration of the enterprisecarrentals.com domain name by Mr. D'Souza in 2007, Enterprise, through its operating

subsidiaries, has been engaged in the rental car business and since at least as early as 1998, has operated an on-line car rental site at enterprise.com, as well as at enterprisecarrental.com since 2001.

13.   Enterprise is the owner of the following registrations for the relevant marks in the United States:

> Registration No. 1,343,167 issued June 18, 1985 for the mark ENTERPRISE in International Classes 35, 37, 39 and 42.
>
> Registration No. 2,190,147 issued September 22, 1998 for the mark E ENTERPRISE in International Classes 35, 37, 39 and 42.
>
> Registration No. 2,458,529 issued June 5, 2001 for the mark ENTERPRISE.COM in International Class 39.
>
> Registration No. 2,371,192 issued July 25, 2000 for the mark ENTERPRISE RENT-A-CAR ("RENT-A-CAR" disclaimed apart from the mark as a whole) in International Class 39.

Each of those registrations is valid and subsisting and under the provisions of 15 U.S.C. § 1115 is conclusive evidence of the validity of the registered mark, the registration of the mark, Enterprise's ownership of the mark, and Enterprise's exclusive right to use the registered mark in commerce on or in connection with the services covered by the registration. Copies of print-outs from the United States Patent and Trademark Office Trademark Application and Registration Retrieval system showing the current status of each of these registrations are attached as Exhibits 2 through 5.

14.   The enterprisecarrentals.com domain name is confusingly similar to the federally registered and incontestable ENTERPRISE and ENTERPRISE RENT-A-CAR marks.

15.   Because of its confusing similarity to the ENTERPRISE and ENTERPRISE RENT-A-CAR marks, the enterprisecarrentals.com domain name is being used to divert Internet users to the web site at enterprisecarrental.com.

16. The enterprisecarrentals.com domain name resolves to a "generic" web site that features links to car rental and travel web sites unrelated to Enterprise that offer car rental services from Enterprise's competitors, as well as a link to the ENTERPRISE RENT-A-CAR home page. A copy the web page to which the enterprisecarrentals.com domain names resolves is attached to this Complaint as Exhibit 6.

17. The web page to which the enterprisecarrentals.com domain name resolves is a "click-through" site that generates revenue to its owner when visitors to the site "click on" a link on the web page and at least one of those links is to the ENTERPRISE RENT-A-CAR home page. As a result, Mr. D'Souza causes the Enterprise operating subsidiary to pay a commission to a third party referral service, which in turn pays Mr. D'Souza as the owner of the domain name for the "click-through" to its own web page.

18. Enterprise filed a Complaint under the Uniform Domain Name Dispute Resolution Policy ("UDRP") against the Mr. D'Souza as the owner of the enterprisecarrentals.com domain name and the Panelist appointed by the National Arbitration Forum, David E. Sorkin, issued a decision on October 12, 2007 that concludes:

> "Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.
>
> Accordingly, it is Ordered that the **&lt;enterprisecarrentals.com&gt;** domain name be **TRANSFERRED** from Respondent to Complainant."

A copy of the UDRP Panelist's decision is attached as Exhibit 7.

19. The Registrar of the domain name enterprisecarrentals.com, Lead Networks Domains Pvt. Ltd. ("Lead Networks"), advised that it had received a copy of a complaint filed against Enterprise by Mr. D'Souza in the High Court of Judicature at Bombay and Lead Networks

refused to implement the Panelist's decision. Enterprise has not been served with a summons or otherwise received service in connection with such lawsuit and Mr. D'Souza has failed to prosecute such lawsuit.

20. Because Lead Networks was operating "a massive cybersquatting operation" and "actively participated and assisted in the cybersquatting" by others in clear violation of trademark rights, the United States District Court for the Central District of California subsequently appointed a receiver to take possession of certain "domain name assets" of Lead Networks.

21. On information and belief the court-appointed receiver of Lead Networks allowed the transfer of the enterpriscarrentals.com domain name to a new Registrar and in 2010 the enterprisecarrentals.com domain name was transferred to the Registrar Answerable.com.

22. Answerable.com through its affiliated company, Directi, has continued the refusal to transfer the enterprisecarrental.com domain name per the UDRP Panel's decision.

## CAUSE OF ACTION

23. Enterprise realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

24. The enterprisecarrentals.com domain name violates Enterprise's rights in the ENTERPRISE and ENTERPRISE RENT-A-CAR marks.

25. Enterprise is not able to obtain *in personam* jurisdiction over the person who would have been a defendant in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), rendering the enterprisecarrentals.com domain name amenable to an in rem action under 15 U.S.C. § 1125(d)(1).

26. The enterprisecarrentals.com domain name infringes Enterprise's trademark rights in its ENTERPRISE and ENTERPRISE RENT-A-CAR marks under 15 U.S.C. § 1125(d).

27. The ENTERPRISE and ENTERPRISE RENT-A-CAR marks were distinctive at the time of registration and use of the enterprisecarrentals.com domain name.

28. The enterprisecarrentals.com domain name is confusingly similar to the ENTERPRISE and ENTERPRISE RENT-A-CAR marks.

29. The enterprisecarrentals.com domain name was registered, trafficked in, or used with the bad faith intent to profit from the confusing similarity of that domain name to the ENTERPRISE and ENTERPRISE RENT-A-CAR marks.

30. The record owner of the enterprisecarrentals.com domain name has no trademark or other intellectual property rights in "Enterprise Car Rentals" or the enterprisecarrentals.com domain name.

31. The enterprisecarrentals.com domain name is not the legal name of the person listed as the record owner of the enterprisecarrentals.com domain name in the WHOIS records of Answerable.com.

32. The enterprisecarrentals.com domain name does not consist of any name that is commonly used to identify the owner of the enterprisecarrentals.com domain name.

33. Mr. D'Souza did not make any use of the enterprisecarrentals.com domain name in connection with a bona fide offering of goods or services or a legitimate noncommercial or fair use prior to Enterprise filing its UDRP complaint regarding the enterprisecarrentals.com domain name.

34. The enterprisecarrentals.com domain name was registered without authorization from Enterprise and Enterprise has not licensed or otherwise permitted Mr. D'Souza to use its

ENTERPRISE and ENTERPRISE RENT-A-CAR marks in connection with car rental services or any other goods or services or to apply for any domain name similar to the ENTERPRISE and ENTERPRISE RENT-A-CAR marks.

35. The enterprisecarrentals.com domain name was registered, has been and currently is being used to divert consumers from the ENTERPRISE RENT-A-CAR web site to the web site accessible at enterprisecarrentals.com for Mr. D'Souza's commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the enterprisecarrentals.com web site.

36. The ENTERPRISE and ENTERPRISE RENT-A-CAR marks are both famous and distinctive under United States federal trademark law.

37. The registration, use, or trafficking in the enterprisecarrentals.com domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

38. By reason of the facts alleged in this Complaint, Enterprise's remedy at law is not adequate to compensate it for the injuries inflicted by and which continue to be inflicted by the registration, use, and trafficking in the enterprisecarrentals.com domain name and Enterprise is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Enterprise respectfully requests judgment as follows:

A. A declaration that the enterprisecarrentals.com domain name is a defendant *in rem*;

B. A declaration that the enterprisecarrentals.com domain name has violated Enterprise's rights in its ENTERPRISE and ENTERPRISE RENT-A-CAR marks under 15 U.S.C. § 1125(d);

    C.    That the Court order VeriSign, Inc. to transfer the enterprisecarrentals.com domain name to a Registrar of Enterprise's choosing and that the chosen Registrar transfer ownership of the enterprisecarrentals.com domain name to Enterprise; and

    D.    That Enterprise be awarded such other relief as may be appropriate.

Respectfully submitted,

HARNESS, DICKEY & PIERCE, P.L.C.

Dated: October 24, 2011

By: _____
Terry L. Clark
Virginia Bar No. 34640
11730 Plaza America Drive, Suite 600
Reston, Virginia 20190
Telephone: 703-668-8000
Facsimile: 703-668-8200
Email: tclark@hdp.com

Attorneys for Plaintiff Enterprise Holdings, Inc.

## VERIFICATION

Renee N. Reuter, under penalty of perjury of the laws of the United States declares:

That Vanguard Trademark Holdings USA LLC ("Vanguard") is a subsidiary of Enterprise Holdings, Inc.; that she is Corporate Counsel – Intellectual Property, Office of the General Counsel of Enterprise Holdings, Inc., and directs Vanguard's trademark and domain name enforcement program; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent to which matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 11 day of October, 2011 in St. Louis, Missouri.

_____
Renee M. Reuter

60871350.1